■ 6085 STRICKLAND ASSOCIATES, LLC, Appellant, v THE WHITMORE GROUP, LTD., et al., Respondents. [876 NYS2d 22]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered June 26, 2008, which, in an action for negligent failure to procure insurance, denied plaintiff's motion for summary judgment and granted defendant insurance brokers' cross motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

It appears that the Genstar policy was procured to cover the subject property while vacant; that upon commencement of construction on the property, the Genstar policy was canceled for nonpayment of premium and replaced by the Sirius policy specifically designed for construction-related liabilities; and that plaintiff incurred out-of-pocket litigation costs because the limits of the Sirius policy were insufficient to settle a lawsuit brought by an injured construction worker. Plaintiff asserts that it instructed defendants, or justifiably expected them, to leave the Genstar policy in effect as a supplement to the Sirius policy; that defendants therefore had a duty to procure reinstatement of the Genstar policy after its cancellation, or procure replacement insurance, or inform plaintiff of their inability to do so; and that plaintiff would not have incurred the litigation costs it

seeks to recover had the Genstar policy been in effect at the time of the accident. Because plaintiff received a notice of cancellation of the Genstar policy for nonpayment of premium but did not pay defendants the premium due on that policy within 15 days of the notice (*see* Insurance Law § 3426 [a] [3]), there could be no breach by defendants of any duty to keep the Genstar policy in effect (*cf. Murphy v Kuhn,* 90 NY2d 266, 271 [1997] [plaintiff insured's lack of initiative in inquiring of broker concerning his insurance needs does not qualify as legally recognizable reliance on broker's expertise]). No issues of fact exist as to whether plaintiff ever requested defendants to keep the Genstar policy in effect. Plaintiff's principal admits that he has no recollection of ever having specifically requested defendants to renew or reinstate the Genstar policy or to procure replacement coverage, or of defendants having ever advised him that the Genstar and Sirius policies were to be in effect simultaneously, and defendants' contemporaneous internal memoranda clearly indicate that they intended the Genstar policy to be completely replaced by the Sirius policy. We reject plaintiff's argument that its requests and defendants' advice are evidenced by the checks it sent to defendants after the cancellation of the Genstar policy that were applied to that policy by defendants. While it appears that defendants temporarily misapplied plaintiff's checks to the cancelled Genstar policy, plaintiff's principal's letters to defendants accompanying these checks make no references to the Genstar policy but simply state that the checks represent partial payment for amounts due on the subject property. By obtaining the Sirius policy, defendants met their obligation to procure coverage for the construction on the property, and there is no evidence of any requests by plaintiff for insurance over and above the Sirius policy. We have considered plaintiff's other arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Nardelli, Catterson and Moskowitz, JJ.